**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| MARLENE S. EARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-1437 (RDA/TCB) |
| | ) | |
| U.S. DEPARTMENT OF HOUSING AND | ) | |
| URBAN DEVELOPMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the undersigned on *pro se* Plaintiff Marlene S. Earley's

("Plaintiff") Emergency Motion to Stay the Sale of Her Home and Stay Any Further

Garnishments by the Internal Revenue Service ("Emergency Motion"). (Dkt. 3.) For the reasons

stated below, the undersigned U.S. Magistrate Judge recommends that the Court deny Plaintiff's

Emergency Motion.

## I. Relevant Background

Plaintiff filed a complaint in this Court on December 23, 2021 seeking relief related to

the foreclosure sale of her home, federal tax liens, and insurance grievances.[1] (*See* Dkt. 1.)

---

[1] Plaintiff requests: (1) "that Erie Insurance be found at fault for breach of contract and fix the loss of use and any damages to the home as a result and/or restitution to the Plaintiff;" (2) "that Bank of America and Carrington correct the damage to her credit and restore her credit to what is was before purchasing the home;" (3) that "Carrington Mortgage and Bank of America buy her out of her home and allows the Plaintiff to keep her equity so she can purchase a new home or Bank of America and Carrington Mortgage fix all the deficiencies with the home and offer the Plaintiff a reverse mortgage and allow the Plaintiff to stay in the home until the Plaintiff is no longer living or sales the home;" (4) that "the Court to correct the overbilling by Carrington and remove the liens on her property so the Plaintiff can sell the home and purchase another;" (5) "that the Court review the Plaintiffs IRS debt and correct the egregious fees and penalties;" (6)

Plaintiff also filed the instant Emergency Motion on December 23, 2021, seeking that the Court stay the foreclosure sale of her house and the garnishment of her Social Security benefits. (Emergency Mot.)

On October 28, 2021, Plaintiff received a Notice stating that a foreclosure sale of her property was set for December 30, 2021. (*Id.*, Ex. 1.) The Notice provided that Plaintiff's lender had last received payment on November 1, 2019. (*Id.*) The Notice further stated that Plaintiff is over $22,586.04 in arrears on her mortgage. (*Id.*) The exhibits to Plaintiff's Emergency Motion show that she received mortgage forbearance from her loan provider, Carrington Mortgage Services, LLC from April 1, 2020 to February 28, 2021 and March 1, 2021 to May 15, 2021 because of adverse impacts caused by COVID-19. (Emergency Mot., Ex. 9.) The substitute trustee foreclosure sale, pursuant to Va. Code § 55.1-321 and the deed of trust, is set for Thursday, December 30, 2021 at 11:00 a.m. in front of the Circuit Court building for the County of Fauquier. (*Id.* ¶ 1, Ex. 1.) Plaintiff seeks to sell her home and claims that she has found a buyer for $420,000.00 but is unable to complete the sale due to the debt related encumbrances on the home. (Emergency Mot. ¶ 2-3.)

Also, the Internal Revenue Service ("IRS") has two federal tax liens on all of Plaintiff's property, including her home, for $69,167.36 and $14,905.47. (Emergency Mot., Exs. 1, 24; Compl. at 21.) Plaintiff is working with the Community Tax Law Project to address the federal tax liens on her home, which resulted in the garnishment of her December 2021 Social Security

---

that "HUD to work with the Plaintiff to get her into a "NEW" home (i.e. Clayton?) she can afford that allows the Plaintiff to have her dogs and payment that is no more than a $500.00 payment;" (7) that the Court award monetary damages for having to living in an unsafe home, which compromised her health and safety since March of 2010. The Plaintiff defers to the Court and its Honorable Federal Judge to set a fair and just financial judgment; (8) "that IRS return the December 2021 garnishment that was taken in error by the Agency;" and (9) "that all parties be formally reprimanded for their negligent treatment of the Plaintiff." (Compl. at 22-23.)

payment. (Emergency Mot. ¶ 5.)

The Honorable United States District Judge Rossie D. Alston referred this matter to the undersigned. Accordingly, the undersigned issues this report and recommendation.

## II. REQUESTED RELIEF

This Court construes the Plaintiff's Motion as a request for a temporary restraining order.[2] A federal district court may issue a temporary restraining order pursuant to Federal Rule of Civil Procedure 65. Fed. R. Civ. Pro. 65(b). The purpose of a temporary restraining order "is to preserve the relative positions of the parties until a trial on the merits can be held." *Stewart v. Lee*, 1:16-cv-213 (LMB/JFA), 2016 WL 8317009, at *1 (E.D. Va. June 2, 2016) (quoting *Capitol Tool & Mfg. Co., Inc. v. Maschinenfabrik Herkules*, 837 F.2d 171, 172 (4th Cir. 1998)) (citations omitted). A temporary restraining order is an "extraordinary remedy that may only be rewarded upon a 'clear showing' that the plaintiff is entitled to such relief." *Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013).

To obtain a temporary restraining order in the Fourth Circuit, a plaintiff must show that: "(1) '[she] is likely to succeed on the merits;'  (2) '[she] is likely to suffer irreparable harm in the absence of preliminary relief;'(3) 'the balance of the equities tips in [her] favor; and'(4) a TRO 'is in the public interest.'" *Stewart*, 2016 WL 8317009, at *1 (quoting *Winter*, 555 U.S. at 22). The issue here is whether Plaintiff has clearly shown that she is entitled to relief under the first *Winter* factor, likelihood of success on the merits. 555 U.S. at 22; *see Pashby*, 709 F.3d at 321.

---

[2] Plaintiff requests a stay under Federal Rule of Civil Procedure 62, which is not relevant under these circumstances. Fed. R. Civ. Pro. 62.

Plaintiff's Complaint alleges various claims against five Defendants. (Compl. at 22-23.) The Emergency Motion merely states that "the case before the Court is a claim for Mortgage Fraud/Criminal Fraud By HUD FHA, Predatory Lending, Predatory behavior by Carrington Mortgage/Bank of America, Violations of the CARES ACT by Carrington Mortgage, Elder Abuse by all." (Emergency Mot. ¶ 7.) The Emergency Motion includes no facts nor evidence showing that Plaintiff would likely succeed on the merits of any one of the claims. Plaintiff has therefore failed to establish the first *Winter* factor, and "the Court need not reach the remaining *Winter* elements." *Stewart*, 2016 WL 8317009, at *2. Accordingly, the undersigned finds that Plaintiff is not entitled to a temporary restraining order.

### III. Recommendation

For the reasons outlined above, the undersigned recommends that the Court issue an order denying Plaintiff's Emergency Motion (Dkt. 3) requesting the Court to stay the foreclosure sale of her home and the garnishment of her Social Security benefits .

### IV. Notice

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

December 29, 2021
Alexandria, Virginia

4